STAPLETON NAT. BANK v. UNITED STATES FIDELITY & GUAR-
ANTY CO.

(Supreme Court, Appellate Division, Second Department.   March 5, 1909.)

1. INSURANCE (§ 640*)—INDEMNITY—RENEWAL CONTRACT—SUFFICIENCY OF DE-
FENSE.
· The defense to a complaint on a renewal contract of insurance, indem-
nifying against the dishonesty of a bank cashier, alleged that the contract
was renewed "on the faith of a statement in writing signed by the bank,
its officer, or agent, one 'G.' (the cashier), who was the duly authorized
agent of said plaintiff and duly authorized to sign the same, and that
his authority to sign the same was obtained as a part of the duties and
responsibilities imposed on him as cashier." *Held*, that the defense was
not demurrable as showing that the party insured made the statement in-
dividually and not as agent of the bank.
[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 640.*]

2. INSURANCE (§ 640*)—CONTRACTS—IMPLIED CONDITIONS—PLEADING.
There is an implied condition in every insurance contract of the truth
of all representations of the insured material to the risk on the faith of
which the contract was made, though they be dehors the policy, and there-
fore a pleaded breach of such condition instead of the fraudulency of the
statement or that it was a mutual mistake of fact suffices.
[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 640.*]

Appeal from Special Term, Richmond County.

Action by the Stapleton National Bank against the United States
Fidelity & Guaranty Company on a renewal contract of indemnity in-
surance.   From a judgment (113 N. Y. Supp. 25) sustaining a demurrer
to the defense pleaded to the action, defendant appeals.   Reversed, and
demurrer overruled.

The complaint is on a contract of renewal for another year of a contract or
policy of insurance by the defendant to the plaintiff for the fidelity of the
plaintiff's cashier, Robert H. Gill.   The policy was a general one for the fidelity
of any or all employés of the plaintiff whose fidelity it might have the defend-
ant insure from time to time on payment of the premium therefor by the
plaintiff.   Only the fidelity of the said cashier had been thus far insured.   The
said cashier was not a party to the contract or policy.

Argued before WOODWARD, GAYNOR, RICH, and MIL-
LER, JJ..

Sumner Bowman, for appellant.

Arthur O. Townsend (Frank H. Vedder, on the brief), for respond-
ent.

GAYNOR, J.   The answer pleads as a defense that the renewal
"was executed on the faith of a statement in writing dated the 10th
day of December, 1906, signed by this plaintiff, its officer or agent, one
Robert H. Gill, who was the duly authorized agent of said plaintiff,
and duly authorized by the said plaintiff to sign the same, and that his
authority to sign the same was obtained as part of the duties and re-
sponsibilities imposed on him as cashier of said plaintiff"; that the
said statement was (in substance) that the books and papers of the
said employés for the past year had been examined and found correct,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

and that all moneys handled by them had been accounted for, and was false in that the books and papers of the said cashier had not been examined, and that all the money of the plaintiff which came into his hands had not been accounted for by him.

The contention to sustain the demurrer to the defense for insufficiency is that it is not an allegation that the false statement was made by the plaintiff, the bank, but that it was made by its cashier individually; and that has been decided below. Even without resorting to the settled rule of liberal construction in the defendant's favor, the words of the defense do not fairly bear the construction given them below. If the defense had been leanly pleaded in scientific and proper form, viz., that the plaintiff induced the defendant to make the contract of renewal by a statement to the defendant that it had examined the said books and accounts, and found them correct, and that all moneys handled by the said cashier had been accounted for, which statement was false, leaving the manner of the making of it and by what officers or agents to be shown by the evidence, instead of using the verbiage which provoked the demurrer, all of this delay and trouble would have been avoided. One might not naturally feel favorably disposed toward such a crude and unscientific pleader; but it is due to the attorney for the defendant to say that he put in the defense in proper form, but was compelled by an order of court to state the particulars as he has alleged them, on motion by the plaintiff that he make the defense more definite and certain; a thing which was not easy to credit on the statement of it on the argument, for the plea was in proper form originally and as definite and certain as anything could be. As it is, the words of the defense, taken as a whole, allege that the false statement was made by the plaintiff; and it does not matter which of its employés or officers acted for it in the communicating of it, or whether he was the one whose honesty and fidelity was to be insured. The defendant may prove at the trial (for instance) that it sent a letter to the plaintiff asking for the statement before it would renew the contract for the ensuing year; that the president, or board of directors, received and considered the letter, and directed the cashier to answer the letter for it that the examination had been made, and the books and papers found correct, and that all the moneys handled by the said cashier had been accounted for; in which, or like case, the statement would certainly be by the plaintiff. If the letter addressed to the bank had fallen to the cashier in the due course of the duties assigned to him, and he had sent back the statement officially, or in the name of the bank, but of his own motion, the statement might not be that of the bank; that would depend on all of the facts, whereas we are now only passing on a question of pleading, and not even on the burden of proof.

The defense does not plead the false statements as fraudulent, nor as a mutual mistake of fact. But in insurance contracts the rule is different to what it is in respect of contracts generally, viz., there is an implied condition in every contract of insurance of the truth of all representations of the insured material to the risk on the faith of which the contract is made, even though they be dehors the policy; and therefore a pleaded defense of the breach of such condition, in-

stead of the fraudulency of the statement, or that it was a mutual mistake of fact, suffices. Evans v. Columbia Fire Ins. Co., 40 Misc. Rep. 316, 81 N. Y. Supp. 933; Sullivan v. Fraternal Society, 36 Misc. Rep. 578, 73 N. Y. Supp. 1094. Both sides treat the contract in this case as one of insurance, and it is expressly made such by statute. The Insurance Law, § 70, as amended by chapter 326, p. 775, Laws of 1906.

The judgment should be reversed and the demurrer overruled.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs. All concur.